# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br>EDUARDO PANO CANO,<br>　　　　　　Defendant.<br>_____/ | 1:02-cr-5050-AWI-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>(Doc. 321) |

## I. Introduction

Defendant, Eduardo Pano-Cano, is a prisoner serving a sentence based on convictions for (1) conspiracy to distribute methamphetamine in violation of Title 21 of the United States Code Sections 846 and 841(a)(1), and (2) manufacturing of methamphetamine in violation of Title 21 of the United States Code Section 841(a)(1). *See* Doc. 230. On May 10, 2004, Defendant was sentenced to a term of 188 months as to each count, to be served concurrently. Doc. 230. The Bureau of Prisons ("BOP") has calculated Defendant's release date as October 12, 2015. *See* http://www.bop.gov/inmateloc/, last accessed Apr. 24, 2015. Defendant has moved for a sentence reduction pursuant to Title 18 of the United States Code Section 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines ("USSG"). Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Sentencing "Commission has determined that

Amendment 782, subject to the limitation in USSG § 1B1.10(e) delaying the effective date of sentence reduction orders until November 1, 2015, should be applied retroactively." Amendment 782. Despite the restriction on the effective date of Amendment 782, Defendant moves for reduction of his sentence and immediate release.

Defendant asks the court to ignore the effective date limitation imposed by USSG § 1B1.10(e) for four reasons: (1) USSG § 1B1.10(e) impermissibly considers rehabilitative or correctional treatment; (2) the November 1, 2015 effective date is arbitrary and capricious; (3) USSG § 1B1.10(e) violates the doctrine of separation of powers; and (4) the stated purpose of the one-year delay is not effectuated when applied to a removable alien. For the following reasons, Defendants motion for sentence reduction will be denied.

## II. Discussion

The Court will first address the appropriateness of a reduction pursuant to the relevant guidelines and policy statements, then the Court will consider Defendant"s challenge to USSG 1B1.10(e), precluding courts from reducing a term of imprisonment pursuant to Amendment 782 before November 1, 2015.

A. Eligibility for Section 3582(c)(2) Reduction

Title 18 of the United States Code, Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). USSG § 1B1.10(a) provides that where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered … the court may reduce the defendant"s term of imprisonment…."

Here, Defendant"s initial base offense level was calculated at level 38 and his criminal history was calculated at category II. The Court applied a three-level downward departure for acceptance of responsibility pursuant to USSG § 3E1.1 (a) and (b), resulting in a total offense

level of 35. Defendant's Guideline Range was 188 to 235 months. Applying the new base offense level under the Drug Quantity Table found in USSG § 2D1.1, as modified by Amendment 782, Defendant's revised base offense level would be 36. Applying the same three-level downward departure for acceptance of responsibility, Defendant's revised total offense level would be 33. As a result, Defendants revised Guideline Range is 151 to 188 months.

USSG § 1B1.10(b)(2)(C) prohibits a court from reducing a term of imprisonment below the term that the defendant has already served. USSG § 1B1.10(e)(1) specifies that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." Defendant will have completed his term of 188 months – according to the BOP calculation – on October 12, 2015. Reducing Defendant's term of imprisonment below 188 months on November 1, 2015, would reduce the term of imprisonment below the term that Defendant already served. A reduction of term is therefore prohibited by the sentencing guidelines. Defendant's motion for reduction of sentence will therefore be denied on that basis.

B. Eligibility for Reduction Prior to November 1, 2015

If a reduction based on Amendment 782 could be granted effective today – rather than November 1, 2015 – Defendant would be eligible for immediate release. *See* USSG § 1B1.10(e); Defendant's Motion to Reduce Sentence ("MTRS") at 6. However, because Defendant's release date is scheduled of October 12, 2015, he sees no benefit from Amendment 782. Defendant therefore asks this Court to disregard the one-year delayed effective date of Amendment 782 and grant him immediate release. Requests nearly identical to Defendant's have been considered by several district courts around the nation, all with the same outcome. A district court may not reduce a defendant's sentence based on Amendment 782 prior to November 1, 2015. *E.g. United States v. Navarro*, 2015 WL 1814314 (E.D. Cal. Apr. 20, 2015); *United States v. Espinoza*, --- F.Supp.3d ----, 2015 WL 736396 (M.D. Fla. Feb. 20, 2015); *United States v. Estanislao*, --- F.Supp.3d ----, 2015 WL 867560 (M.D. Fla. Mar. 2, 2015); *see also United States v. Beasley*, 2014 WL 6694058, *2 (N.D. Cal. Nov. 26, 2014). This Court agrees with the reasoning of those

cases and will come to the same outcome. However, this Court will briefly explain why each of Defendant's arguments fail.

    <u>i. The Extent and Significance of the Court's Consideration of Rehabilitation and Correction in Considering a Motion Pursuant to 18 U.S.C. § 3582(c)(2)</u>

Defendant's first argument is premised on the impropriety of this Court's consideration of rehabilitation or correction in deciding the length of a term of imprisonment. MTRS at 7 (citing 18 U.S.C. § 3582(a) ("[I]mprisonment is not an appropriate means of promoting correction and rehabilitation.")). Defendant draws the Court's attention to *Tapia v. United States*, --- U.S. ----, 131 S.Ct. 2382, 2389-2390 (2011), for the proposition the sentencing court should not consider correction or rehabilitation in deciding the fact or duration of confinement. The Supreme Court in *Tapia* determined that considering the sentence duration required for placement in a 500 Hour Drug Treatment Program in determining the appropriate duration of a term of imprisonment was an impermissible consideration of rehabilitation by the sentencing court. *Tapia*, 131 S.Ct. at 2392. It specifically held that Section 3582(a) "prevents a sentencing court from imposing or lengthening a prison sentence to enable an offender to complete a treatment program or otherwise promote rehabilitation." *Tapia*, 131 S.Ct. at 2392.

However, Defendant's reliance on Section 3582(a) is in error. Section 3582(a) guides courts in an initial imposition of a sentence, whereas Section 3582(c) authorizes courts to modify a term of imprisonment already imposed in limited circumstances. Although the legislative recognition that imprisonment is an inappropriate means of promoting correction and rehabilitation is certainly no less true when considering a sentence already imposed, a court's grant of authority to modify a sentence is limited. Relevant to this case, a "court may not modify a term of imprisonment…" except where "a sentencing range … has been subsequently lowered by the sentencing commission…" and the court finds that the Section 3553(a) factors support the reduction and such reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *Freeman v. United States*, --- U.S. ----, 131 S.Ct. 2685, 2690 (2011). Accordingly, in determining whether a defendant is eligible for

4

sentencing reduction as authorized by Section 3582(c)(2), a district court does not consider rehabilitation or correction, rather it determines – based on the Commission's instructions in USSG § 1B1.10 – whether the prisoner is eligible for sentence modification. If so, that court then considers any applicable Section 3553(a) factors in determining whether a reduction is warranted under the circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Accordingly, in considering a motion pursuant to Section 3582(c)(2) this Court is not asked to, and indeed does not, consider the need for rehabilitation.

Moreover, a district court does not "impose or lengthen a period of confinement" by denying a motion for sentence reduction. Compare *Tapia*, 131 S.Ct. at 2391 (precluding a court from "imposing or lengthening" a prison sentence – pursuant to Section 3582(a) – to enable rehabilitation); with *Dillon*, 560 U.S. at 827 (noting the circumscribed nature of a Section 3582(c)(2) proceeding; even if a reduction is granted, "a district court proceeding under Section 3582(c)(2) does not impose a new sentence in the usual sense.") *See United States v. Navarro*, 2015 WL 1814314 at * 3 (citing *United States v. Grant*, 664 F.3d 276, 280 (9th Cir. 2011). A motion pursuant to 18 U.S.C. § 3582(c)(2) could only "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2). As a result, a denial of a motion for reduction does not impose or lengthen a sentence; it leaves intact the initial sentence. Section 3582(a) is not implicated.

<u>ii. The Sentencing Commission Did Not Exceed Its Authority in Promulgating USSG § 1B1.10(e)</u>

Defendant next argues that the Sentencing Commission violated its Congressionally imposed limits in promulgating USSG § 1B1.10(e). Defendant notes that the Commission's stated reason for delaying the effective date of Amendment 782 until November 1, 2015 was, in part:

> [T]o ensure that, to the extent practicable, all offenders who are to be released have the opportunity to participate in reentry programs and transitional services, such as placement in halfway houses, while still in the custody of the Bureau of Prisons, which increases their likelihood of successful reentry to society and thereby promotes public safety.

USSG Manual app. C, amend. 788 (2014). Defendant quotes from 28 U.S.C. § 994(k):

> The Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment.

Defendant contends that the quoted language prohibits the Sentencing Commission from having considered rehabilitation in delaying the effective date of Amendment 782. Not so. Section 994(k) relates only to imposition of a sentence to a term of imprisonment. *Espinoza*, 2015 WL 736396 *4. It does not relate to the Commission's authority to craft reductions in terms of imprisonment or policy statements relating thereto. Rather, the Sentencing Reform Act delegates to the commission authority to amend the guidelines, 28 U.S.C. § 994(o), promulgate policy statements, 28 U.S.C. § 994(a)(2), and determine the circumstances under which reductions to terms of imprisonment recommended in the guidelines can be made retroactive, 28 U.S.C. § 994(u). *See Dillon*, 130 S.Ct. at 2691; *United States v. Davis,* 739 F.3d 1222, 1225 (9th Cir. 2014). The effective date of Amendment 782 does not overstep the Commission's statutory authority. *See Navarro*, 2015 WL 1814314 at *3.

### iii. Policy Statements Issued by the Sentencing Commission Are Not Subject to the Requirements of the Administrative Procedures Act

Defendant contends that the November 1, 2015 effective date of Section 1B1.10(e) is not entitled to deference because it is "arbitrary, capricious, or manifestly contrary to" 28 U.S.C. § 944(k). MTRS at 11 (citing *Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 884 (1984)). The most glaring hole in Defendant's argument is that "the APA's ,,arbitrary and capricious" standard … do[es] not apply to the Commission's promulgation of § 1B1.10." *United States v. Tercero*, 734 F.3d 979, 984 (9th Cir. 2013); *see Navarro*, 2015 WL 1814314 at *4. As a result, this Court will not apply the APA to Section 1B1.10(e).

### iv. USSG § 1B1.10(e) Does Not Violate the Principles of Separation of Powers

Defendant contends that by setting an effective date for sentence reductions the Sentencing Commission has unconstitutionally intruded into the domain of the judiciary. MTRS at 16 (citing *Mistretta v. United States*, 448 U.S. 361, 383 (1989)). The Supreme Court has rejected separation of powers challenges the Sentencing Commission's role, noting that  the

Commission – "an unusual hybrid in structure and authority" – holds appropriately delegated legislative power and acting within that power does not "upset the constitutionally mandated balance of powers among the coordinated Branches." *Mistretta*, 448 U.S. at 412. "[T]he scope of judicial discretion with respect to a sentence is subject to congressional control." *Mistretta*, 488 U.S. at 364. With specific regard to setting an effective date for Amendment 782, as noted, the Commission is vested with the authority to issue policy statements regarding the extent and circumstances under which a sentence can be reduced pursuant to Section 3582(c)(2). *Davis*, 739 F.3d at 1226 (holding that subsection (b) of § 1B1.10, restricting the circumstances under which a court could grant a reduction pursuant to 18 U.S.C. § 3582(c)(2), did not offend separation of powers). The Commission's determination that the effective date of Amendment 782 should be November 1, 2015 falls in line with its authority to determine the extent and circumstances under which a sentence can be reduced. Defendant has provided this Court with no reason to depart from *Davis*. Section 1B1.10(e) does not run afoul of separation of powers.

### v. Section 1B1.10(e) Applies Equally to Citizens and Removable Non-Citizens

Defendant argues that even if this Court holds – as it has – that Section 1B1.10(e) is enforceable (and in fact binding), the Court should not enforce it as to Defendant because he is a non-citizen subject to removal after release. Defendant argues that his deportable status renders the rationale for the one-year delay inapplicable to him. Namely, he argues that his immediate release will not impact public safety as he will not be subject to supervision upon relief and will not benefit from any reentry plan. MTRS at 16 (citing U.S.S.C. Press Release, *U.S. Sentencing Commission Votes Unanimously to Allow Delayed Retroactive Reduction in Drug Trafficking Sentences* (July 18, 2014)[1]. Even assuming that the reason cited for Defendant was the only reason for delay by the Sentencing Commission, that Defendant falls completely outside of the purpose for the delay, and that public safety would not at all be impacted by Defendant's release, the Court is bound by the USSG 1B1.10(e) when deciding a motion pursuant to 18 U.S.C. § 3582(c)(2). As a result, this Court – regardless of whether the Sentencing Commission

---

[1] http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20140718_press_release.pdf, last accessed Apr. 24, 2015.

considered the situation presented by the particular case before the Court in crafting the Section 1B1.10(e) – lacks the authority to grant a reduction in term prior to November 1, 2015. *See Davis*, 739 F.3d at 1226 ("Congress bound the courts to th[]e policy statements by requiring that any sentence reduction be consistent with applicable policy statements."); USSG § 1B1.10, app. Note 6 ("A reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2).")

### III. Order

Based on the foregoing, Defendant's motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) is hereby DENIED.

IT IS SO ORDERED.

Dated: __April 30, 2015__                 _____
                                          SENIOR DISTRICT JUDGE